UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00569-JLS (DFMx)  Date: August 17, 2015
Title: Cortislim International, Inc. v. Rite Aid Hdqtrs. Corp. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                  N/A
    Deputy Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 13)**

     Before the Court is Defendants Rite Aid Hdqtrs. Corp.'s and Rite Aid Corporation's Motion to (1) Dismiss Based on Lack of Subject Matter Jurisdiction; (2) Dismiss Based on Forum Non Conveniens Grounds; (3) Dismiss for Failure to State a Claim; or, in the Alternative, (4) Require Payment of Previously Incurred Fees Per Fed. R. Civ. P. 41(d) as a Condition of Proceeding. (Mot., Doc. 13.) Plaintiff Cortislim Health Net, Inc. filed an untimely Opposition, and Defendants replied. (Opp'n, Doc. 17; Reply, Doc. 18.) The Court finds the matter appropriate for disposition without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing on the Motion, set for August 21, 2015, at 2:30 p.m., is VACATED. For the reasons stated below, the Court GRANTS Defendants' Motion.

     Defendants filed their Motion on June 11, 2015, noticing the hearing for August 21, 2015. (Mot.) In accordance with the Local Rules, Plaintiff's Opposition to the Motion was due on July 31, 2015. *See* C.D. Cal. R. 7-9 (requiring an opposition brief to be filed not later than twenty-one days before the hearing). Plaintiff, however, did not file its Opposition until August 6, 2015. (Opp'n, Doc. 17.) Further, instead of filing an Opposition addressing the merits of Defendants' Motion, Plaintiff's untimely Opposition requests that the Court grant Plaintiff leave to amend the Complaint because Plaintiff's "counsel by mistake named the incorrect party as [P]laintiff." (Opp'n at 2.) Plaintiff asserts that it "will correct the pleadings to name the correct plaintiff which will correct each of the alleged defects in the instant compliant [sic] upon which [D]efendants have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-00569-JLS (DFMx) | Date: August 17, 2015 |
| Title: Cortislim International, Inc. v. Rite Aid Hdqtrs. Corp. et al. | |

brought the motion to dismiss." (Id.) However, not only has Plaintiff failed to address any of the arguments set forth by Defendants in their motion to dismiss, but Plaintiff has failed to attach a proposed amended complaint to its untimely Opposition or file a separate motion for leave to file an amended complaint. Thus, the Court finds Defendants' Motion to be unopposed.

Local Rule 7-12 holds that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." C.D. Cal. R. 7-12. *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Before dismissing an action for noncompliance with a local rule, a district court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (internal quotation marks omitted). The balance of these factors clearly weighs in favor of dismissal.

The public's interest, the Court's docket, and the conservation of judicial and attorney resources benefit from the dismissal of a case against Defendants that Plaintiff has shown a disinterest in prosecuting by failing to respond to a dispositive motion. Moreover, Plaintiff's delinquency prejudices Defendants to the extent that it prevents Defendants from timely extricating themselves from the case, thereby causing Defendants to continue incurring attorney's fees. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990) (holding that the expenditure of additional "time and money" because of opposing party's actions may result in prejudice). Although the Court recognizes both the public policy favoring disposition of cases on the merits and the availability of less drastic measures than dismissal, those factors bear less weight in light of Local Rule 7-12, under which all parties are advised that failing to respond timely to a motion consents to the Court granting a motion to dismiss without considering the merits. *See* C.D. Cal. R. 7-12.

Accordingly, the Court GRANTS Defendants' Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's claims against Defendants. Any motion to file an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00569-JLS (DFMx)                     Date:  August 17, 2015

Title:  Cortislim International, Inc. v. Rite Aid Hdqtrs. Corp. et al.

amended complaint must be filed within **21 days** of this Order, or this matter will be administratively closed and judgment will be entered in favor of Defendant.

                                                     Initials of Preparer:  tg